Shams-Flannery v GNC Exterior Servs. (2024 NY Slip Op 24109)

[*1]

Shams-Flannery v GNC Exterior Servs.

2024 NY Slip Op 24109

Decided on March 14, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on March 14, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2023-1034 S C

Simone Shams-Flannery, Appellant,
against
GNC Exterior Services, Respondent. 

Simone Shams-Flannery, appellant pro se.
Gnc Exterior Services, respondent pro se (no brief filed).

Appeal from an order of the District Court of Suffolk County, First District (Stephen L. Ukeiley, J.), entered August 8, 2023, as amended by an order of that court entered November 9, 2023. The order, as amended, denied plaintiff's motion to modify an arbitration award.

ORDERED that the order, as amended, is affirmed, without costs.
Following mandatory arbitration (see Rules of Chief Judge [22 NYCRR] Part 28) in this small claims action based on a breach of contract, an award in plaintiff's favor in the sum of $500 was filed on November 18, 2022. Plaintiff moved in March 2023 to increase the award in her favor to $5,000. By order entered August 8, 2023, as amended by an order entered November 9, 2023, the District Court denied the motion on the ground that there had been no timely demand for a trial de novo and that, therefore, the arbitration award became final. On this appeal, plaintiff asserts, without any support, that she had, in fact, timely demanded a trial de novo on December 19, 2022, but that the court "kept returning [her] request for not filing within time frame."
The Rules of the Chief Judge permit a party to move to vacate an award rendered after mandatory arbitration (see Rules of Chief Judge [22 NYCRR] §§ 28.13, 28.7) on certain limited grounds not applicable here, or to demand a trial de novo provided that such demand is made within 30 days or, if service of the notice of the award is made by mail, within 35 days (see Rules of Chief Judge [22 NYCRR] § 28.12 [a]). An arbitration award becomes final if no timely [*2]demand for a trial de novo has been made (see Rules of Chief Judge [22 NYCRR] § 28.11 [b]). There is no provision in the Rules of the Chief Judge (22 NYCRR) Part 28 to modify an award rendered after mandatory arbitration and, therefore, the District Court was required to deny plaintiff's motion to increase the amount of the award on that ground. Plaintiff's assertion that she timely demanded a trial de novo is dehors the record and, in any event, would not be a basis to grant plaintiff's motion to increase the award.
Accordingly, the order, as amended, is affirmed.
GARGUILO, P.J., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 14, 2024